

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| DAVID ALAN MANNING,<br>　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§<br>§　CIVIL ACTION NO. 9:13-2183-MGL-BM<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND AFFIRMING DEFENDANT'S DECISION

This is a Social Security appeal in which Plaintiff seeks judicial review of the final decision of Defendant denying Plaintiff's claim for Disability Insurance Benefits (DIB). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Defendant's decision be affirmed. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on November 19, 2014, Plaintiff filed his objections on December 8, 2014, and Defendant filed her reply on December 29, 2014. The Court has carefully considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff alleges that he became disabled to work on August 7, 2007, due to middle abdominal, groin, and spine problems. Plaintiff's applications were denied initially and upon reconsideration. Plaintiff then requested a hearing before an Administrative Law Judge (ALJ). After the requested hearing, the ALJ issued a decision dated March 9, 2012, finding that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council subsequently denied Plaintiff's request for review, thus making the ALJ's March 9, 2012, decision Defendant's final decision for purposes of judicial review. Thereafter, Plaintiff brought his action in this Court seeking judicial review of Defendant's final decision.

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(I)-(v), 416.920(a)(4)(I)-(v).

Under 28 U.S.C. § 636(b)(1), a district court is required to conduct a de novo review of those portions of the Magistrate Judge's Report to which a specific objection has been made. The Court need not conduct a de novo review, however, "when a party makes general and conclusory

2

objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed.R.Civ.P. 72(b).

In Plaintiff's objections, he does not once direct the Court to any specific error in the Report. Instead, he generally makes the same arguments that he did to the Magistrate Judge, which the Magistrate Judge rejected: that (1) [w]hen taken together, substantial evidence does not support the ALJ's rejection of the evidence regarding [Plaintiff's] multiple impairments[,]" Objections 2, and (2) "[t]he Appeals Council erred in failing to evaluate new evidence and/or in failing [to] follow the treating physician's rule[,]" *Id*. at 3.  Because the Court agrees with the Magistrate Judge's discussion of these issues, it will only briefly discuss the objections here.

In Plaintiff's first objection, he cites much of the applicable law as it pertains to a disability claim, but not much else. In fact, besides the applicable law, Plaintiff's first objection consists of just four conclusory statements, and nothing more: (1)[w]hen taken together, substantial evidence does not support the ALJ's rejection of the evidence regarding [Plaintiff's] multiple impairments[,]" *Id*. at 2,  (2) [Plaintiff's] complaints of pain and side effects of his medications are consistent throughout the medical records[,] *Id*., (3) [t]he ALJ's decision grossly overestimates [Plaintiff's] level of functioning and is quite selective in choosing those medical records to which significant weight is afforded[,] *Id*., and (4) [a]pplying [the principles cited] to the present case, the law and facts below preclude affirmation of the ALJ's findings regarding the medical source opinions, impairment severity, and medical equivalency." *Id*. at 3.  The "facts below" evidently refers to Plaintiff's recitation of some of the medical records from a pain management physician, Dr. Karen Eller, and Plaintiff's counselor, Jana Sanders.

Although Plaintiff's "medical records confirm that Plaintiff suffers from the impairments found to be severe impairments by the ALJ in his decision, the fact that Plaintiff suffers from severe impairments does not automatically entitle him to disability benefits. Rather, Plaintiff must establish

3

that his impairments totally disable him from all work activity." Report 22. In other words, it is Plaintiff's duty to both produce evidence and prove that he is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). And, it is the duty of the ALJ, not this Court, to make findings of fact and to resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "Under the substantial evidence standard . . . ,we must view the entire record as a whole. Additionally, the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." *Clarke v. Bowen*, 843 F.2d 271, 272-73 (8th Cir. 1988) (quoting *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)). Because there is substantial evidence to support a finding that the ALJ properly considered the evidence in the record in concluding that Plaintiff was not entitled to DIB, the Court will overrule Plaintiff's first objection.

Plaintiff's second objection consists of two sub-parts. First, he maintains that "[t]he Appeals Council erred in failing to evaluate new evidence," Objections 3. But "the evidence submitted did not pertain to the period on or before the ALJ's decision in this case, and therefore did not affect the decision about whether Plaintiff was disabled beginning on or before March 9, 2012, the date of the ALJ's opinion." Report 25 (citing *Wilkins v. Sec'y, Dep't of Health and Human Serv.* 953 F.2d 93, 95-96 (4th Cir. 1991) (stating that the Appeals Council must consider new evidence when, among other things, it "relates to the period on or before the date of the ALJ's decision.")). Hence, because the new evidence presented to the Appeals Council did not "relate[ ] to the period on or before the date of the ALJ's decision," the Court will overrule this portion of Plaintiff's second objection.

In the next part of Plaintiff's second objection, he argues that "[t]he Appeals Council erred . . . in failing [to] follow the treating physician's rule." Objections 3. Having reviewed the record, however, the Court finds that there is substantial evidence to support the ALJ's decision to discount Dr. Eller's opinion. For example as detailed in the Report, the ALJ "noted that Dr. Eller's opinion

4

that Plaintiff was 'permanently disabled' was a determination of disability, a decision that is explicitly reserved to [Defendant]." Report 24. "The ALJ also noted that Dr. Eller's opinion that Plaintiff was unable to sit or stand for even one hour in an eight hour day was inconsistent with her own treatment notes, Plaintiff's basically normal physical examinations, and even her own previous statement that Plaintiff could perform sedentary work or a desk type job." *Id*. (citations omitted). Further, "[t]he ALJ . . . cited the other contrary medical evidence, including the opinion of treating physician Dr. Adams, as evidence to discount Dr. Eller's opinion of disability." *Id*. "[W]hen a treating physician's opinions are inconsistent or contrary to the medical evidence as a whole, they are entitled to less weight." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1023 (8th Cir. 2002). That is exactly what we have here. As such, the Court finds that there is substantial evidence in the record to support the ALJ's decision on this issue. Accordingly, the Court will overrule this portion of Plaintiff's second objection, as well.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court that Defendant's final decision denying Plaintiff's claim for DIB and SSI is **AFFIRMED**.

**IT IS SO ORDERED**.

Signed this 10th day of February, 2015, in Columbia, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE
